IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PEMCO MUTUAL INSURANCE
COMPANY,

No. 3:20-cv-00590-HZ

OPINION & ORDER

               Plaintiff,

     v.

SEAN T. FOLEY; KENDRA CASPER;
JOSEPH CASPER; and TARA CASPER,

               Defendants.

John R. Bachofner
Jordan Ramis PC
1499 SE Tech Center Place, Suite 380
Vancouver, WA 98683

       Attorney for Plaintiff

Emily S. Miller
Miller Insurance Law LLC
521 SW Clay St
Portland, OR 97201

Richard A Lee
Bodyfelt Mount, LLP
319 SW Washington Street, Suite 1200
Portland, OR 97204

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      Plaintiff Pemco Mutual Insurance Company (Pemco) brings this declaratory action against Defendant Sean Foley.[1] Plaintiff moves for summary judgment seeking a declaration that it has no liability to Defendant for insurance benefits or a defense under any of the policies arising from the subject accident. Defendant Foley filed a cross motion for summary judgment asking the Court to find that liability coverage is available under Plaintiff's Homeowner Policy and Umbrella Policy. For the following reasons, the Court grants Plaintiff Pemco's motion for summary judgment and denies Defendant Foley's cross-motion for summary judgment.

## BACKGROUND

      The parties have stipulated to the following facts and issues:

I.    The Accident

      Kendra Casper was driving an ATV when she collided with Sean Foley. Stipulation of Facts ¶¶ 1–4, ECF 15. Sean Foley suffered bodily injury. *Id.* ¶ 8. For purposes of summary judgment, the parties' stipulated to Kendra Casper's liability for the Accident. (ECF No. 15 ¶ 8.) At the time of the Accident, Kendra was an unemancipated minor living with her parents, Joseph and Tara Casper. *Id.* ¶1.

---

[1] Defendants Joseph, Tara, and Kendra Casper were voluntarily dismissed from this action and agreed to be bound by the result of the action. ECF 25.

The ATV driven by Kendra Casper was a non-titled, non-registered vehicle, designed for recreational use off public roads. *Id.* ¶ 5. Joseph Casper and Tara Casper owned the ATV. *Id.* Kendra Casper never owned the ATV and was operating the ATV with the consent of her parents at the time of the Accident. *Id.*

II.     Insurance Coverage

 A.     The Auto Policy

The Parties agree that there is no liability coverage available for the Accident under the Automobile Policy issued to the Caspers by Plaintiff Pemco. *Id.* ¶ 6.

 B.     The Homeowner Policy

Under the Homeowner Policy, Joseph and Tara Casper were the named insureds and Kendra Casper qualified as an insured. *Id.* 12.

The Homeowner Policy contains a Motor Vehicle Liability exclusion (Homeowner MVL Exclusion).

   **A. Motor Vehicle Liability**

1. Coverages **E** and **F** do not apply to any **motor vehicle liability** if, at the time and place of an **occurrence,** the involved **motor vehicle**

  a. Is registered for use on public roads or property;

  b. Is not registered for use on public roads or property, but such registration is required by a law, or regulation issued by a government agency, for it to be used at the place of the occurrence; or

  * * * *

2. If Exclusion **A.1.** does not apply, there is still no coverage for **motor vehicle liability** unless the **motor vehicle** is:

  * * * *

   d. Designed for recreational use off public roads and:

    1. Not owned by an **insured**; * * * *

*Id.*; Ex. 3 at 28, ECF 1-3. The parties agree that under the Homeowner Policy the ATV is a

"motor vehicle" and the Accident qualifies as an "occurrence." Stipulation of Facts ¶ 23–24.

      C.      The Umbrella Policy

      Under the Umbrella Policy, Joseph and Tara Casper were the named insureds and Kendra

Casper qualified as an insured. *Id.* ¶ 19.

      The Umbrella Policy contains a Recreational Vehicle Exclusion. *Id.* ¶ 21.

      **"SECTION** II – **EXCLUSIONS**

      This insurance does *not* apply to:

      * * * *
      **2. Bodily injury** or **property damage** arising out of the ownership,
      maintenance, use, loading or unloading, or entrustment to others of:

      * * * *
      **h.** A **recreational vehicle,** riding lawnmower, farm equipment, golf cart
      or snowmobile, except to the extent that coverage is provided by
      **underlying insurance.** * * * *

*Id.*; Ex. 4 at 10–11, ECF 1-4. The parties agree that under the term of the Umbrella Policy the

ATV was a "recreational vehicle" and the Accident qualified as an "occurrence." Stipulation of

Facts ¶ 23–24.

## STANDARDS

      Summary judgment is appropriate if there is no genuine dispute as to any material fact

and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The

moving party bears the initial responsibility of informing the court of the basis of its motion, and

identifying those portions of "'the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any,' which it believes demonstrate the

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support its claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

The issue before the Court is whether Plaintiff Pemco owes liability coverage under the Homeowner Policy and Umbrella Policy for Kendra Casper's liability arising out of her accident with Sean Foley. The parties agree that this issue turns on the legal interpretation of the Homeowner MVL Exclusion under the Homeowner Policy and the Recreational Vehicle Exclusion under the Umbrella Policy. Stipulation of Facts ¶ 25. The parties also agree to the following: With respect to the Homeowner Policy, if the Court finds that the ATV was "[n]ot owned by an insured" for purposes of the Homeowner MVL Exclusion, then Defendant Sean

Foley will be entitled to Summary Judgment declaring that liability coverage is available under the Homeowner Policy. If the Court finds that the ATV was "owned by an insured" for purposes of the Homeowner MVL Exclusion, then Plaintiff Pemco will be entitled to Summary Judgment declaring that liability coverage is not available under the Homeowner Policy. *Id.* ¶ 26. With respect to the Umbrella Policy, if the Court concludes that liability coverage is "provided by underlying insurance" for purposes of the Recreational Vehicle Exclusion, then Defendant Sean Foley will be entitled to Summary Judgment declaring that liability coverage is available under the Umbrella Policy. If the Court concludes that liability coverage is not "provided by underlying insurance" for purposes of the Umbrella ATV Exclusion, then Plaintiff Pemco will be entitled to Summary Judgment declaring that liability coverage is not available under the Umbrella Policy.

Insurance policy interpretation is a question of law. *Groshong v. Mut. of Enumclaw Ins. Co.*, 329 Or. 303, 307 (1999). The court's task is to determine the intent of the parties "based on the terms and conditions of the insurance policy." *Hoffman Constr. Co. of Alaska v. Fred S. James & Co.*, 313 Or. 464, 469 (1992). The court applies any definitions included in the policy and presumes that words have their plain, ordinary meanings. *Tualatin Valley Haus. v. Truck Ins. Exch.*, 208 Or.App. 155, 159 (2006). The analysis ends if a disputed term has "only one plausible interpretation." *Id.* at 160. If the court finds that the term is ambiguous i.e., susceptible to more than one plausible interpretation, the court examines the disputed term in the context of the policy as a whole. *Hoffman*, 313 Or. at 470. If "consideration of the policy's broader context fails to resolve the ambiguity" the court construes the policy against the drafter. *Tualatin Valley Haus.*, 208 Or.App. at 160.

The insured has the initial burden of establishing conditions of coverage, and the insurer has the burden of establishing that the policy excludes coverage. *Employers Ins. of Wausau v.*

*Tektronix, Inc.*, 211 Or.App. 485, 509 (2007). Typically, the insured bears the burden of proving

an exception to an exclusion. *Id.* at 514.

      A.       The Homeowner MVL Exclusion

Plaintiff argues that the use of the term "an insured" in the Homeowner MVL Exclusion

has only one plausible meaning under the express terms of the policy and in the context of the

policy. Defendant argues that the Homeowner MVL Exclusion is subject to more than one

plausible interpretation and asks the Court to consider the term "an insured" in the context of the

policy.

As discussed above, coverage under the Homeowner Policy turns on interpreting the term

"an insured" in the Homeowner MVL Exclusion. The Court turns first to the definitions supplied

by the Homeowner Policy itself. The Homeowner Policy defines the terms "insured" and "an

insured."

> 9.    **Insured** means:
> > a.    You and residents of your household who are:
> > > (1)    Your relatives; or
> > > (2)    Other persons under the age of 21 and in the care of any person named above;
> > b.    A student enrolled in school full time, as defined by the school, who was a resident of your household before moving out to attend school, provided the student is under the age of:
> > > (1)    24 and your relative; or
> > > (2)    21 and in your care or the care of a person described in a.(1) above;
> > c.    Under Section II:
> > > \* \* \* \*
> > > (2)    With respect to a **motor vehicle** to which this policy applies:
> > > > (a)    Persons while engaged in your employ or that of any person included in a. or b. above; or
> > > > (b)    Other persons using the vehicle on an **insured location** with your consent.
> > Under both Sections I and II, <u>when the word "an" immediately precedes the word "**insured**," the words "an **insured**"</u> together mean one or more **insureds**.

Ex. 3 at 6 (underline added).

The Homeowner Policy also defines the term "you."

A.    In this policy, "you" and "your" refer to the named **insured** shown in the Declarations * * * *

*Id.* at 5. It is undisputed that Joseph and Tara Casper are the named insured on the Homeowner Policy. Thus, because the definition of "insured" includes the word "you," Joseph and Tara Casper are "insureds" under the Homeowner Policy's definitions.

With that established, the Court turns to the Homeowner MVL Exclusion and applies the Homeowner Policy's definition of "an insured." *See Tualatin Valley Hous. Partners., 208 Or. App. at 159* (finding that under *Hoffman* the court's inquiry begins "with the wording of the policy, applying any definitions that are supplied by the policy itself and otherwise presuming that words have their plain, ordinary meanings."). Under the Exclusion there is not coverage unless "the motor vehicle is . . . Designed for recreational use off public roads and: (1) Not owned by an **insured**" Ex. 3 at 28. The parties agree that the ATV was designed for recreational use off public roads. Stipulation of Facts ¶ 5. By the Policy's definition, "an insured" means one or more insureds. Thus, there is no coverage under the Exclusion unless the vehicle is not owned by one or more insureds. It is undisputed that the ATV in question was owned by one or more insureds—Joseph and Tara Casper. The Court, therefore, finds that the exception to the exclusion does not apply.

Defendant offers an alternative interpretation and urges the Court to find that the term "an insured" is ambiguous. Defendant argues that because the Policy does not define "an insured" to mean any insured or all insureds, an ordinary purchaser of insurance could construe "one or more insureds" to mean the particular insured or insureds seeking coverage. Under Defendant's interpretation, the exception would apply because Kendra Casper, the insured seeking coverage, does not own the ATV.

Offering an alternative interpretation alone cannot establish an ambiguity. A term is only ambiguous where there are two or more *plausible* interpretations. Defendant's interpretation is not plausible in the face of the express definition supplied by the Policy. Defendant's interpretation asks the Court to read language into the definition that it does not contain. "One or more insureds" makes no reference to the particular person seeking coverage. *See Mortg. Bancorporation v. New Hampshire Ins. Co.*, 67 Or. App. 261, 264 (1984) ("It is not permissible to apply a strained meaning to unambiguous language to create an ambiguity where none exists so that interpretation may be indulged to extend coverage."). *Webster's Third New Int'l Dictionary* defines "any" as "one or more indiscriminately from all those of a kind." 97 (unabridged ed 2002). Accordingly, it is reasonable to conclude that the plain and ordinary meaning of "one or more" includes any and does not refer to a particular person. The ordinary meaning of "one or more," therefore, supports a finding that one or more insureds unambiguously refers to any person who qualifies as an insured. The fact that the Policy uses the indefinite article "an" rather than the definite article "the" bolsters this finding. *See Ristine ex rel. Ristine v. Hartford Ins. Co. of Midwest*, 195 Or. App. 226, 234 (2004) (reasoning in dicta that "[l]imiting an exclusion that, by its terms applies to 'an insured' or to 'any insured' to one—and only one—insured would seem to conflict with its wording, which employs an indefinite article."). The Court finds that the ATV was "owned by an insured" for purposes of the Homeowner MVL Exclusion. Coverage is not available under the Homeowner Policy. Plaintiff Pemco is entitled to summary judgment on this issue.

//

//

//

B.    The Umbrella Policy

The parties agree that coverage under the Umbrella Policy "rises and falls" with coverage under the Homeowner Policy. Def. Mot. at 29. The Umbrella Recreational Vehicle Exclusion is as follows:

**SECTION II - EXCLUSIONS**

This insurance does *not* apply to:

* * * *

**2. Bodily injury** or **property damage** arising out of the ownership, maintenance, use, loading or unloading, or entrustment to others of:

* * * *

> h. A recreational vehicle, riding lawnmower, farm equipment, golf cart or snowmobile, except to the extent that coverage is provided by underlying insurance. * * * *

Umbrella Policy at 10–11, ¶ 2, ECF 1-4. "**Underlying insurance** means the insurance policies listed in the Schedule of Your Underlying Insurance section on the Declarations." *Id.* at 8, ¶ 20. The Court concluded that coverage is not available under the Homeowner Policy and the parties stipulated that the Auto Policy does not provide coverage. Stipulation of Facts ¶ 6. Because coverage is not provided by the underlying insurance the Court finds that there is no coverage under the Umbrella Policy. The Court grants Plaintiff Pemco summary judgment on this issue.

//

//

//

//

//

**CONCLUSION**

The Court grants Plaintiff's motion for summary judgment [17] and denies Defendant's

cross-motion for summary judgment [16].


IT IS SO ORDERED.


DATED:____August 16, 2021_____.


MARCO A. HERNANDEZ
United States District Judge